PATRICK D. ROBBINS (CABN 152288)
Acting United States Attorney
PAMELA T. JOHANN (CABN 145558)
Chief, Civil Division
KELSEY J. HELLAND (CABN 298888)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    kelsey.helland@usdoj.gov

Attorneys for Defendant UNITED STATES

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JESSICA CHAVEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    Defendants. | No. 3:25-cv-00677-AMO<br><br>**ANSWER** |

## ANSWER

Defendant United States of America ("United States" or "Defendant") hereby responds to Plaintiff's Complaint as follows:[1]

**I.    GENERAL ALLEGATIONS**

1.    Defendant is without knowledge or information sufficient to form a belief as to Plaintiff's residency, and on that basis denies the allegations in paragraph 1.

2.    Defendant admits the allegations in paragraph 2.

3.    Defendant admits the allegations in paragraph 3.

---

[1] The headings and subheadings of this Answer correspond to the headings and numbered paragraphs of Plaintiff's Complaint. Defendant does not waive any defensive theory or agree to or admit that Plaintiff's headings are accurate, appropriate, or substantiated.

4. Defendant admits the allegations in paragraph 4.

5. Defendant admits that, on December 15, 2022, Plaintiff was seen at Rohnert Park Health Center, an approved delivery site of Petaluma Health Center, a deemed entity of the Public Health Service pursuant to FSHCAA, 42 U.S.C. § 233(g)-(n).

6. Defendant denies the allegations in paragraph 6.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in the first sentence of paragraph 7 and, on that basis, denies them. Defendant denies any negligence on behalf of itself or any of its agents and employees pertaining to the allegations contained in the second sentence of paragraph 7.

8. Defendant denies the allegations in paragraph 8.

## II. First Cause of Action (Medical Negligence) (By Plaintiff Against Defendant United States of America)

9. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9 and, on that basis, denies them.

10. Defendant denies any negligence on behalf of itself or any of its agents and employees pertaining to the allegations contained in the first sentence of paragraph 10. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegation contained in paragraph 10 and, on such basis, denies them.

## III. Prayer for Relief

The allegations contained in this section set forth Plaintiff's requested relief, to which no response is required. To the extent this section is deemed to contain allegations of fact or an entitlement to relief, it is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction with respect to any of Plaintiff's claims, requests for relief, or other remedies to the extent that the Government's sovereign immunity is not expressly waived by statute.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the Federal Tort Claims Act's discretionary function exception. *See* 28 U.S.C. § 2680(a).

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to state a cause of action to the extent that any allegations in the Complaint are outside the scope of her administrative claim.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

## FIFTH AFFIRMATIVE DEFENSE

The United States, through its employees and agents, acted with due care and diligence at all relevant times.

## SIXTH AFFIRMATIVE DEFENSE

In the event that Defendant United States is found negligent, which negligence Defendant denies, such negligence is not the cause in fact or proximate cause of alleged damages suffered by Plaintiff.

## SEVENTH AFFIRMATIVE DEFENSE

In the event that Defendant is found negligent, which negligence Defendant denies, then the acts or omissions of Plaintiff and/or third parties contributed to the injuries and damages of which Plaintiff complains, and Defendant is not liable therefor.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's recovery is barred or limited by the doctrine of comparative negligence, and Plaintiff's damages shall be barred or reduced by said percentage of fault.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is limited to the damages recoverable under the Federal Tort Claims Act.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred, in whole or in part, by Plaintiff's failure to mitigate his claimed damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries were pre-existing.

## TWELFTH AFFIRMATIVE DEFENSE

Damages recoverable, if any, are subject to the limits of the law of the state of California.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any liability on the part of Defendant United States for non-economic damages is governed by California Civil Code Sections 1431-1431.5 and must be apportioned according to the responsibility of all tortfeasors, named or unnamed.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the damages recoverable under the Federal Tort Claims Act and is limited to the sum certain of her administrative claim presented to the federal agency. *See* 28 U.S.C. § 2671 *et seq*.

## FIFTEENTH AFFIRMATIVE DEFENSE

The amount of any recovery should be reduced by any non-collateral source or otherwise in accordance with the law applicable to setoff and/or recoupment and/or subrogation.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff's Complaint seeks equitable relief, equitable relief is not an available remedy under the Federal Tort Claims Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Pursuant to 28 U.S.C. § 2674, Plaintiff may not recover any amount for prejudgment interest against the United States.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's request for an award of attorneys' fees is precluded by the Federal Tort Claims Act. *See, e.g.*, 28 U.S.C. § 2675(b) and 2678.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent Plaintiff is entitled to recover damages from the United States in this action Defendant may be entitled to a credit or set-off to the extent allowed by law.

## TWENTIETH AFFIRMATIVE DEFENSE

Petaluma Health Center, Rohnert Park Health Center, and Dr. Victoria Williams are immune from suit. 28 U.S.C. § 2679(b)(1).

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The United States denies all other allegations contained in Plaintiff's Complaint not specifically admitted and denies that Plaintiff is entitled to any recovery in this action.

\* \* \*

Defendant reserves the right to assert additional affirmative defenses of which it may become aware as discovery progresses and to raise any other matter constituting an avoidance or affirmative defense.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays:

1. That Plaintiff take nothing by the Complaint;
2. That judgment be entered in favor of the United States and against Plaintiff;
3. That the United States be awarded its costs of suit; and
4. For such other and further relief as the Court may deem proper.

DATED: March 31, 2025

Respectfully submitted,

PATRICK D. ROBBINS
Acting United States Attorney

*/s/ Kelsey J. Helland*
KELSEY J. HELLAND
Assistant United States Attorney

Attorneys for Defendant UNITED STATES

ANSWER
No. 3:25-cv-00677-AMO